**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50416 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00922-DDP |
| v. | |
| MIKE MIKAELIAN, a.k.a. Mikke, a.k.a. Nikke, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Mike Mikaelian appeals from the district court's judgment and challenges

the 144-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute OxyContin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

846; and transactional money laundering, in violation of 18 U.S.C. § 1957(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mikaelian contends that his sentence is substantively unreasonable because it created an unwarranted sentencing disparity with two of his codefendants and because it allegedly does not adequately take into account his post-offense rehabilitation. The district court did not abuse its discretion in imposing Mikaelian's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Mikaelian and his co-defendants are not similarly situated, *see United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009), and the below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mikaelian's role in the offense and the need for deterrence. *See Gall*, 552 U.S. at 51. Moreover, contrary to Mikaelian's contention, the record reflects that the district court fully considered his mitigating arguments in its determination to grant a six-level downward variance. *See United States v. Carty,* 520 F.3d 984, 921-22 (9th Cir. 2008) (en banc).

**AFFIRMED.**